IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LIZETH DELGADO and JOSHUA PAINE,**

    **Plaintiffs,**

v.     No.

**THE NEW MEXICO CHILDREN, YOUTH & FAMILIES DEPARTMENT,**

    **Defendant.**

## PLAINTIFFS' COMPLAINT

Lizeth Delgado ("Delgado") and Joshua Paine ("Paine") (collectively, "Plaintiffs"), through undersigned counsel, complain as follows against the New Mexico Children, Youth & Families Department ("CYFD" or "Defendant").

## INTRODUCTION

1. CYFD has been the subject of sustained public scrutiny and litigation concerning systemic management failures, and this case reflects how those failures extend to basic payroll compliance.

2. This is an action to recover earned wages and overtime unlawfully removed from Plaintiffs' time records by Patricia Garza ("Garza"). As alleged below, Garza scrubbed hours from Plaintiffs' time sheets that Plaintiffs had already worked.[1]

3. Garza's actions were completely illegal under the Fair Labor Standards Act ("FLSA") and New Mexico Wage Payment Act ("NMWPA"). The Court should grant all relief permitted by law.

---

[1] And CYFD wonders why it has a staffing crisis. Colleen Heild, *CYFD Still Struggles With Staffing "Crisis," Too Few Foster Homes, Experts Say*, Albuquerque Journal (Nov. 17, 2024), https://www.abqjournal.com/news/cyfd-still-struggles-with-staffing-crisis-too-few-foster-homes-experts-say/625299.

1

## PARTIES

4. Plaintiff Lizeth Delgado resides in Lea County, New Mexico.

5. Plaintiff Josh Paine resides in Lea County, New Mexico.

6. Defendant New Mexico Children, Youth & Families Department is a New Mexico state agency. It is headquartered in Santa Fe County, New Mexico.

## JURISDICTION

7. This Court has personal jurisdiction over CYFD because it is a state agency headquartered in Santa Fe, New Mexico. Venue is proper because a substantial amount of the facts giving rise to this action occurred Lea County, New Mexico. This Court has subject matter jurisdiction because Plaintiffs allege a violation of federal law.

## ALLEGATIONS

8. At all relevant times, Plaintiffs were employed as caseworkers at CYFD's Hobbs office.

9. Plaintiffs' direct supervisor is Elizabeth Parrish ("Parrish").

10. Garza manages the Hobbs office.

11. Garza's conduct has given rise to several lawsuits against CYFD. One such pending case is *Elizabeth Parrish v. New Mexico Children Youth and Families Department*, D-101-CV-2024-02727, in the First Judicial District Court in Santa Fe. There, Garza is alleged to have retaliated against Parrish, after Parrish objected to Garza's concealment of a substantiated child abuse referral from a New Mexico Abuse & Neglect Court.

12. Since *Parrish* was filed, Garza has targeted employees who work under Parrish for mistreatment, apparently viewing them as acceptable collateral damage in her continuing vendetta against Parrish.

13. This case arises from one tactic Garza has used to harass Plaintiffs.

14. On or about November 7, 2025, Plaintiffs were present at a staff meeting presided over by Garza. Parrish had the day off and was not at the meeting.

15. During the meeting, it came to light that CYFD's staff had neglected to care for an autistic eight-year-old boy ("K.B.") who was living at the office.

16. K.B. was medically fragile. He was on heart medication, was suffering from an infection, and was hooked up to a feeding tube.

17. For some time, CYFD had been "housing" K.B. on a couch in a spare visitation room.

18. CYFD is notorious for using office space as makeshift housing for children in its custody.

19. During the November 7th staff meeting, it was revealed that a CYFD employee assigned to K.B. had not fed him for 24 hours and had not given him his heart medication.

20. Plaintiffs, recognizing that this was a medical emergency, told Garza that they would take K.B. to the emergency room.

21. Garza was aware that Plaintiffs were taking K.B. to the emergency room and did not object.

22. Plaintiffs drove K.B. to the emergency room in Lovington and stayed with him until he received medical care.

23. The trip to the emergency room occurred during Paine's regular shift, however it required Delgado to work approximately 8 hours of overtime. Delgado reported these hours on her time sheet for the pay period starting October 25, 2025, and ending November 7, 2025.

24. About a week later Delgado was ordered by her supervisor, Parrish, to work about 7 hours of additional overtime. Delgado worked those hours and reported them on her time sheet for the pay period starting November 8, 2025, and ending November 21, 2025.

25. On November 21, 2025, Delgado received an automated email notifying her that her time sheets had been modified by Garza.

26. Delgado emailed Garza to find out what the email was about. Garza responded that she had removed the 8 overtime hours Delgado reported for K.B.'s trip to the ER, and the 7 hours

of overtime Delgado worked in the following pay period. Garza asserted the hours were "unapproved," but she did not dispute that the work was performed.

27. Delgado objected to the removal of the worked hours and requested payment. Delgado has still not been paid for the hours removed from her time sheet by Garza.

28. Paine receive an automated email notice on November 5, 2025, informing him that Garza has made changes to his time sheet for the pay period starting October 25th and ending November 7th. However, Paine is unable to access the system's audit log to determine which hours have been removed.

29. On information and belief, Garza has removed compensable straight time and/or overtime hours from Paine's time sheet.

30. Delgado has an hourly rate of $32.01.

31. Paine has an hourly rate of $32.82.

32. Plaintiffs are paid overtime at 1.5x their normal hourly rate.

## First Cause of Action
## Failure to Pay Wages and Overtime – FLSA
## 29 U.S.C. §§ 206, 207, 215

33. Plaintiffs incorporate by reference all allegations in this Complaint.

34. CYFD is a public agency that receives federal funds and is engaged in activities that affect interstate commerce.

35. Defendant suffered or permitted Plaintiffs to work and failed to pay minimum wages and overtime compensation required by the FLSA.

36. Defendant's violations were willful.

37. Plaintiffs are entitled to unpaid wages, overtime, liquidated damages, and attorneys' fees and costs under 29 U.S.C. § 216(b).

## Second Cause of Action
## Failure to Pay Wages – NMWPA
## NMSA 1978 §§ 50-4-1 et seq.

38. Plaintiffs incorporate by reference all allegations in this Complaint.

39. Defendant failed to timely pay earned wages in violation of the NMWPA.

40. Defendant may not withhold wages for work performed.

41. Plaintiffs are entitled to treble damages, interest, and attorneys' fees as allowed by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment against Defendant as follows:

42. A judgment requiring Defendant to pay lost wages, treble damages, liquidated damages, attorneys' fees, and costs of suit.

43. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues so triable.

WGLA, LLP

By: _____
Benjamin Gubernick (SBN 145006)
E-mail: ben@wglawllp.com
Telephone: (346) 277-0287
Fax: 346-341-0169
717 Texas St. Suite 1200
Houston, TX 77002